IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANTHONY MCGEE, ET AL.,       § | | |
|         PLAINTIFFS,       § | | |
|  § | | |
| V.       § | CIVIL CASE NO. 3:21-CV-2075-D-BK | |
|  § | | |
| BUREAU OF CONSULAR AFFAIRS,       § | | |
| ET AL.,       § | | |
|         DEFENDANTS.       § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.      BACKGROUND**

On September 1, 2021, Relator Joanthony McGee, a Texas resident and self-proclaimed "Moor/America's Aborginal [sic] national," filed pleading titled "Amended Writ of Quo Warranto," purportedly on behalf of the United States against the Bureau of Consular Affairs, the Social Security Administration, and the Internal Revenue Service. Doc. 6 at 1. The so-called "Writ" is difficult to decipher and largely nonsensical. He asserts that Defendants have failed to return his "Certificate of Non Citizen Nationality" and refused to update their databases to reflect his "exempt" status. Doc. 6 at 2. He cites in support "THE PUBLIC STATUTES AT LARGE OF THE UNITED STATES OF AMERICA from March 1933 to June 1934, Volume XLVIII,

pages 484 through 487, TREATY WITH MOROCCO, September 16, 1836," Doc. 6 at 3-10; "AUTHENTICATED BOND RE326052391US No. 11683354," Doc. 6 at 11-23; and "UNITED STATES DEPARTMENT OF STATE RECEIPT FOR PASSPORT SERVICES RECEIPT NUMBER: DA0071573124," Doc. 6 at 33-34.  Also, in the *Civil Cover Sheet*, McGee cites "1 U.S. Code § 112" and describes his cause of action as "Statutes at Large; contents; admissibility in evidence."  Doc. 3 at 3.

Upon review, the Court concludes that subject matter jurisdiction is lacking.  Thus, this action should be dismissed *sua sponte*.[1]

## II.    ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

---

[1] Because the Court determines it lacks jurisdiction, the motion to proceed *in forma pauperis*, Doc. 4, is not addressed and is terminated by separate order.

The Court liberally construes McGee's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, McGee has not alleged facts that establish federal question jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Because McGee does not identify any federal constitutional or statutory violation, his complaint fails to support federal question jurisdiction. While he mentions generally an 1836 Treaty with Morocco and cites 1 U.S.C. § 112, the U.S. Statutes at Large, Doc. 6 at 1-2; Doc. 3 at 3, the mere mention of a federal law or bare assertion of a federal claim is not sufficient to obtain federal question jurisdiction. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, without federal jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Accordingly, this action should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III.    LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  Here, the facts as alleged by McGee in his complaint clearly demonstrate a lack of subject matter jurisdiction in this Court.  Thus, granting leave to amend would be futile and cause needless delay.

### IV.    CONCLUSION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 21, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).